THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYLE RICHARD COOPER,<br><br>Defendant. | CASE NO. CR02-0066-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Lyle Cooper's motion for early termination of his supervised release term (Dkt. No. 54) and the accompanying motion to seal (Dkt. No. 53). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for early termination and GRANTS the motion to seal for the reasons explained herein.

I.    BACKGROUND

Mr. Lyle Cooper pleaded guilty to the crime of Attempted Sexual Exploitation of a Child on August 16, 2002. (Dkt. Nos. 29, 30.) This Court sentenced Mr. Cooper to a 97-month period of incarceration to be followed by five years of supervised release. (*Id.*) After serving his term of incarceration, Mr. Cooper began his original term of supervised release on February 12, 2009. In May 2013, however, this Court revoked Mr. Cooper's supervised release after he admitted to violating the terms of his supervision. (Dkt. No. 50.) The violation involved Mr. Cooper's failure

to follow all lifestyle restrictions or treatment requirements imposed by his therapist. (Dkt. No. 33.) In the Probation Department's memorandum, it was noted generally that Mr. Cooper "continues to exhibit deception and manipulation for his benefit"; "lies by omission to those attempting to assist him"; "projects a positive impression of himself to those around him and verbalizes compliance, [but] continues to fail to disclose his deviant behaviors as required"; and "continuously tested the boundaries of his supervision." (*Id.* at 3.) In Mr. Cooper's original pre-sentence report, it was noted that he has a history of un-adjudicated sex offenses with minors, involving both family members and strangers while overseas. (*See id.*) After the Court sentenced Mr. Cooper to time served and placed him under a new thirty-six month term of supervised release, he completed another round of therapy. The Probation Department reports that Mr. Cooper has complied with the terms of his supervised release, but continues to have reservations about Mr. Cooper's decision-making ability.

      Mr. Cooper now asks the Court to terminate his current term of supervised release, which is scheduled to conclude in April 2016. He explains in a letter to the Court that he wishes to move to Israel "for a new start and for religious reasons." (Dkt. No. 54-1.) Mr. Cooper explains that he has received assistance from a Jewish agency, Nefesh B'Nefesh, and has been going through the process to obtain Israeli citizenship. "All that is left to be considered," Mr. Cooper explains, "is not to be under court jurisdiction." (*Id.*) Mr. Cooper also points to his conduct on supervised release, stating that he has passed twenty-one polygraph tests and "ha[s] not reoffended since being sentenced and serving my time." (*Id.*) Finally, Mr. Cooper states that he has completed therapy and provides a note from his treating therapist stating as much. (*Id.*) The Government opposes Mr. Cooper's request, pointing to the speculative nature of whether Mr. Cooper will actually succeed in obtaining Israeli citizenship or otherwise move there, as well as Mr. Cooper's 2013 revocation of supervised release for deceptive behavior and otherwise "marginal compliance." (Dkt. No. 55.) In Reply, Mr. Cooper's attorney points out Mr. Cooper's most recent probation officer assessment, which deemed his risk category as "low." (Dkt. No.

56.) Finally, at the Court's request, the Probation Department provided its recommendation. Mr. Cooper's supervising officer recommends that Mr. Cooper be kept under supervision, citing his marginal compliance, his previous supervised release revocation, and the Probation Department's position that early termination should be reserved for those defendants who have proven that they have made significant and extraordinary lifestyle changes, which Mr. Cooper has not yet done.

## II.   DISCUSSION

A court may terminate a defendant's term of supervised release and discharge the defendant if, "after considering the factors set forth in [18 U.S.C.] section 3553(a) . . . [,] it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Those factors include, in relevant part, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D); *see also* FED. R. CRIM. P. 32.1(c)(2)(B)–(C) (hearing not required if modification sought is favorable to defendant and attorney for government has received notice of relief sought and opportunity to object). As the Second Circuit has articulated, early termination of supervised release should be granted only "[o]ccasionally" when "changed circumstances— for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000).

Upon review, the Court declines to terminate Mr. Cooper's supervised release. To be certain, the Court is pleased that Mr. Cooper appears to be moving his life in a positive direction

while on supervised release. However, Mr. Cooper's conduct to date has not been "exceptional" so as to warrant early termination. To support his request, Mr. Cooper points only to his desire to emigrate to Israel and the fact that he complied with the terms of his supervised release and completed therapy. Mere compliance and a desire to leave the United States, however, do not render supervised release unnecessary. More importantly, the Court notes that Mr. Cooper ignores in his letter his previous revocation and the "deceptive conduct" that led to his renewed term of supervised release. To suggest, as Mr. Cooper does, that his record has been unblemished is simply not true—and does not persuade the Court to end his supervision early. On the contrary, what positive conduct Mr. Cooper does point to appears to be the result of continued supervised release and therapy.[1] The Court believes that continued supervision will result in more positive advances for Mr. Cooper. Finally, while the Court acknowledges Mr. Cooper's desire to emigrate to Israel, that plan alone does not warrant early termination, especially given the lack of any assurance that Mr. Cooper will in fact be placed on supervision in Israel or even that he will be able to emigrate to Israel.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 54) is DENIED. Defendant's motion to seal, for good cause shown, is also GRANTED. (Dkt. No. 53.)

//
//
//
//
//
//

---

[1] In reaching this conclusion, the Court takes note of the Probation Office's concerns as to Mr. Cooper's marginal compliance with his supervised release conditions.

1   DATED this 5th day of August 2014.

                                            John C. Coughenour
                                            UNITED STATES DISTRICT JUDGE